PAUL KARANTONIS *v.* TOWN OF EAST HARTFORD
(AC 22222)

Flynn, Bishop and West, Js.

Argued May 30—officially released August 27, 2002

*Thomas L. Kanasky, Jr.*, for the appellant (plaintiff).

*Richard M. Quinlan*, assistant corporation counsel, with whom, on the brief, was *Janis M. Small*, corporation counsel, for the appellee (defendant).

FLYNN, J. The plaintiff, Paul Karantonis, appeals from the judgment of the trial court in favor of the defendant, town of East Hartford (town), in this action for forcible entry and detainer brought pursuant to General Statutes § 47a-43.[1] On appeal, Karantonis claims that the trial court improperly (1) found that he did not have possession of the property and (2) failed to find a forcible entry and detainer under § 47a-43. The town argues, inter alia, as an alternate ground for affirmance, that Karantonis' action was barred by the statute of limitations. We affirm the judgment of the trial court on the town's alternate ground, and, accordingly, we need not address the issues that Karantonis raises on appeal. See *Delfino* v. *Planning & Zoning Commission*, 30 Conn. App. 454, 463 n.5, 620 A.2d 836 (1993).

The following facts and procedural history are relevant to our resolution of this appeal. Karantonis was the sole member of Burnside Tolland LLC (Burnside), a real estate holding company. In 1996, Burnside obtained title to real property located at 168 Burnside Avenue in East Hartford. The town became the owner of the property by virtue of a foreclosure sale on December 1, 2000. On December 4, 2000, the town notified Burnside that it had taken title to the real property and, after an inspection of the property, advised Burnside to remove its personal property by December 18, 2000,

---

[1] General Statutes § 47a-43 (a) provides: "When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand, or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."

or the town would consider it abandoned and dispose of it. In a letter dated December 14, 2000, Karantonis advised the town that the personal property on the premises belonged to him, personally, and not Burnside. In that letter, the town was informed that Karantonis would need a few weeks to arrange for the removal of his property. On December 22, 2000, the town changed the locks to the premises and on December 28, 2000, had some vehicles on the property towed away. The December 22, 2000 date has particular significance because when the locks were changed, Karantonis' personal property was detained. On January 18, 19 and 20, 2001, the town removed the remaining personal property from the premises. In April, 2001, Karantonis discovered that his personal property had been removed from the premises. From the time that he was first notified on December 18, 2000, Karantonis did not remove any of his personal property.

The town was served by personal process and this action thus commenced on June 27, 2001. Following a trial to the court, judgment was rendered for the town. The court made no finding that Karantonis had a possessory interest in the personal property and determined that the entry and detainer statute had not been violated.

" 'The purpose of the Connecticut entry and detainer statute, § 47a-43, which is part of the Landlord and Tenant Act, General Statutes § 47a-1 et seq., is to prohibit a property owner from entering his or her property in the act of taking possession thereof from one not legally entitled to such possession but who, nonetheless, maintains actual possession of such property. An action in entry and detainer is one brought by an illegal possessor who was dispossessed by the owner of the property without the benefit of proper legal proceedings; it is not an action that can properly be maintained by a property owner against the illegal peaceful pos-

sessor. See *Carrier* v. *Carrier*, 85 Conn. 203, 206, 82 A. 187 (1912) ("[t]he statute against forcible entry and detainer . . . makes it unlawful for the owner, or one having the right of possession of land, to forcibly and with strong hand enter and dispossess a person who has the actual, peaceable possession of such land, although the latter has no right of possession"). As explained in Connecticut Real Property Law: "The tenants' " remedy for a "lock-out," an illegal or self-help eviction by the landlord or others, is the remedy of entry and detainer.' R. Burke, Connecticut Real Property Law (1994) § 47, p. 126." *Ashford* v. *Rogers*, Superior Court, judicial district of Windham, Housing Session at Danielson, Docket No. CV11-9212 (February 2, 2001) (29 Conn. L. Rptr. 333).

"The process of forcible entry and detainer, provided by our statutes, is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, and who has been forcibly deprived of it, may be restored to the possession and enjoyment of that property. This process is for the purpose of restoring one to a possession which has been kept from him by force. . . . For a plaintiff to prevail, it must be shown that he was in actual possession at the time of the defendant's entry." (Citation omitted.) *Berlingo* v. *Sterling Ocean House, Inc.*, 203 Conn. 103, 108, 523 A.2d 888 (1987).

An action in entry and detainer is subject to a six month statute of limitations under General Statutes § 52-589. Section 52-589 provides: "No complaint for a forcible entry and detainer shall be brought but within six months after the entry complained of."

In his complaint, Karantonis states that "[o]n or after January 2, 2001" the town unlawfully entered the premises and detained and removed his personal property. As the court noted, if January 2, 2001, was the first date

of entry and detainer, July 2, 2001, would be the last day for service of process. The record reflects that the town was served on June 27, 2001. Our review of the record and Karantonis' concession at trial and in his brief that the locks were changed on December 22, 2000, however, reflect that the town entered the premises and detained Karantonis' property before January, 2001.

On December 4, 2000, the town entered the property to inspect the interior of the building. On December 22, 2000, the town changed the locks on the premises, thereby preventing Karantonis from entering without the permission of the town. Although the court did not make a finding as to the date that the locks were changed, both parties testified that the locks were changed on December 22, 2000. In addition, Karantonis states in his brief that "[t]he town changed the locks on the building on December 22, 2000." "Ordinarily it is not the function of . . . the Appellate Court to make factual findings, but rather to decide whether the decision of the trial court was clearly erroneous in light of the evidence and pleadings in the whole record. . . . Conclusions of fact may be drawn on appeal only where the subordinate facts found [by the trial court] make such a conclusion inevitable as a matter of law . . . or where the undisputed facts or uncontroverted evidence and testimony in the record make the factual conclusion so obvious as to be inherent in the trial court's decision." (Internal quotation marks omitted.) *State* v. *Shashaty*, 251 Conn. 768, 783, 742 A.2d 786 (1999), cert. denied, 529 U.S. 1094, 120 S. Ct. 1734, 146 L. Ed. 2d 653 (2000). "There are times . . . when the undisputed facts or uncontroverted evidence and testimony in the record make a factual conclusion inevitable so that a remand to the trial court for a determination would be unnecessary." *Delfino* v. *Planning & Zoning Commission*, supra, 30 Conn. App. 462. A thorough review of

the briefs of the parties, including the concession by Karantonis that the locks were changed on December 22, 2000, the record and the transcript of the testimony before the trial court, makes it clear that the town changed the locks to the property on December 22, 2000. Therefore, by December 22, 2000, the town had both entered and detained Karantonis' property.

We find the reasoning in two Superior Court cases persuasive on the application of the entry and detainer statute. In *Gaylord* v. *Mosher*, Superior Court, judicial district of Stamford-Norwalk, Housing Session at Norwalk, Docket No. 91052030 (September 26, 1991), the court stated: "General Statutes § 47a-43 provides, inter alia, that it is an actionable offense when one enters into a dwelling unit and causes removal of or detention of the personal property of the possessor of that dwelling unit, and where the person put out of possession would have to breach the peace in order to regain the leased premises." In *Leonardo Industrial Properties* v. *Maisano*, Superior Court, judicial district of New Haven, Docket No. 0412038S (April 30, 2001), the court stated: "Locking premises in order to secure them is far different from, for example, changing locks and removing or destroying [or detaining] belongings. In the former situation, courts have concluded there has been no forcible entry and detainer . . . while in the latter a violation is clear." (Citations omitted.)

In this case, it is clear from the record, the testimony of the parties and the concessions in the briefs that the town both entered the premises and detained Karantonis' personal property by December 22, 2000. To comply with the statute of limitations, Karantonis would have had to serve the town no later than June 22, 2001. Karantonis did not commence this action until June 27, 2001, five days after the statute of limitations had run. Because Karantonis failed to commence this action

within the six month limitation under § 52-589, we conclude that the action is time barred as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.