## PEDRO ZAPATA *v.* JOSE MORA
### (AC 30981)

DiPentima, Beach and Stoughton, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 11—officially released June 15, 2010

*Abram J. Heisler,* for the appellant (defendant).

*Joseph F. Mulvey,* for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The issue in this summary process action is whether a new tenancy is created necessitating a new notice to quit when a tenant, having been locked out of the subject premises, obtains an order restoring him to possession. We agree with the trial court that no new tenancy is created and affirm the judgment in favor of the plaintiff landlord granting him possession of the premises.

The following facts and procedural history are not in dispute. Prior to 2008, the plaintiff, Pedro Zapata, and the defendant, Jose Mora, entered into an oral month-to-month lease for use and occupancy of the first floor of

the commercial premises located at 72 Myrtle Avenue in Stamford. On April 25, 2008, the plaintiff served on the defendant a notice to quit possession by April 30, 2008. The defendant failed to vacate and, on May 13, 2008, the plaintiff commenced a summary process action seeking possession of the premises.[1] On March 31, 2009, the court rendered judgment of possession in favor of the plaintiff on the ground that the defendant's right or privilege to use the premises had terminated.

On September 25, 2008, while the summary process action was pending, the defendant instituted an action for forcible entry and detainer against the plaintiff pursuant to General Statutes § 47a-43, alleging that he had been locked out of the premises.[2] On November 4, 2008, the court in that action issued a permanent order restoring the defendant to possession of the premises. At the trial on the summary process action, the defendant argued, as he does on appeal, that the order restoring him to possession created a new right or privilege for him to occupy the premises and that the plaintiff therefore was required to serve a new notice to quit possession. The court concluded that the order restoring possession did not create a new tenancy but, rather, only restored the defendant to his original position. The defendant thereafter appealed.

"Before the [trial] court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to

[1] The plaintiff's three count complaint sought possession on the grounds that (1) the defendant failed to pay rent, (2) his right or privilege to occupy the premises had terminated and (3) the lease agreement had terminated by lapse of time. The plaintiff subsequently withdrew the first and third counts.

[2] General Statutes § 47a-43 (a) provides in relevant part that "when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."

quit. . . . As a condition precedent to a summary process action, proper notice to quit [pursuant to General Statutes § 47a-23] is a jurisdictional necessity. . . . This court's review of the trial court's determination as to whether the notice to quit served by the plaintiff effectively conferred subject matter jurisdiction is plenary." (Citations omitted; internal quotation marks omitted.) *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 388, 973 A.2d 1229 (2009).

By its own terms, General Statutes § 47a-45a (c) provides specifically that the judgment in a forcible entry proceeding "shall not affect or be evidence of the title to such . . . tenement . . . ." The legality of the tenant's presence is not even an issue under § 47a-43, our forcible entry and detainer statute. *Fleming* v. *Bridgeport*, 284 Conn. 502, 514, 935 A.2d 126 (2007). The purpose of the entry and detainer statute is to prohibit a property owner from entering his property in the act of taking possession thereof from one not legally entitled to such possession but who, nonetheless, maintains actual possession of such property. *Karantonis* v. *East Hartford*, 71 Conn. App. 859, 861, 804 A.2d 861, cert. denied, 261 Conn. 944, 808 A.2d 1137 (2002). An entry and detainer action is commenced by a possessor who has been dispossessed by the owner of the property without the benefit of proper legal proceedings. Id. Section 47a-43 seeks to discourage the owner's resorting to self-help tactics so that peace and good order may be maintained. See *Fleming* v. *Bridgeport*, supra, 513; *Daddona* v. *Liberty Mobile Home Sales, Inc.*, 209 Conn. 243, 257–58, 550 A.2d 1061 (1988).

The conduct of the plaintiff in locking out the defendant, while improper and ineffective, certainly did nothing to render the notice to quit ambiguous. More importantly, the court's issuance of an order restoring the defendant to possession created no new right or privilege for him to occupy the premises but, rather,

restored the status quo ante.[3] See *Karantonis* v. *East Hartford*, supra, 71 Conn. App. 862 ("process of forcible entry and detainer . . . is in its nature an action by which one . . . may be *restored* to the possession and enjoyment of that property" [emphasis added; internal quotation marks omitted]); see also General Statutes § 47a-45a (violation of forcible entry and detainer statute permits judicial authority to "render judgment that the complainant be *restored* to . . . the premises" [emphasis added]). Accordingly, we agree with the court that the restoration order did not constitute a new tenancy, and, therefore, no new notice to quit was required.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The defendant's reliance on *Waterbury Twin, LLC* v. *Renal Treatment Centers-Northeast, Inc.*, 292 Conn. 459, 974 A.2d 626 (2009), for the proposition that a new notice to quit was required, is misplaced. In *Waterbury Twin, LLC*, the plaintiff landlords served a notice to quit for nonpayment of rent on the defendant tenants and filed a summary process complaint. Id., 462. The plaintiff subsequently withdrew the summary process action in its entirety and, thereafter, filed a new summary process complaint but did not serve a new notice to quit. Id., 463. The defendants moved to dismiss the new summary process action for lack of subject matter jurisdiction, claiming that the plaintiffs were required to serve a new notice to quit prior to commencing the new summary process action. Id. Our Supreme Court agreed and concluded that if a landlord has withdrawn a summary process action filed against a tenant, the landlord is required to serve a new notice to quit prior to commencing a new summary process action. Id., 465.

The situation in the present case can be readily and easily distinguished. Contrary to the landlords' action in *Waterbury Twin, LLC*, the plaintiff in this case did not withdraw his summary process action in its entirety. See footnote 1 of this opinion. Furthermore, the court's order restoring the defendant to possession did not revive the parties' lease but, rather, restored the status quo ante prior to the plaintiff's locking the defendant out of the premises. Unlike the withdrawal of a summary process action, an order restoring a tenant to possession pursuant to § 47a-45a does not "effectively [erase] the court slate clean as though the eviction . . . had never been commenced." (Internal quotation marks omitted.) *Waterbury Twin, LLC* v. *Renal Treatment Centers-Northeast, Inc.*, supra, 292 Conn. 468.