******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# RAUNI MACHADO *v.* WILBERT TAYLOR ET AL.
## (SC 19838)

Rogers, C. J., and Palmer, McDonald, Espinosa, Robinson and Vertefeuille, Js.

*Syllabus*

Pursuant to statute (§ 52-556), any person injured through the negligence of any state official or employee in the course of operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.

The plaintiff brought an action pursuant to § 52-556 against the defendant state Department of Transportation, seeking to recover damages for personal injuries he sustained as a result of an accident in which his motor vehicle was struck by a motor vehicle owned by the state and operated by one of its employees. Although the plaintiff alleged in his complaint that the state owned the vehicle, which the defendant admitted, he did not allege that the vehicle was insured by the state against personal injuries or property damage. Following the close of evidence after a bench trial, during which the plaintiff proffered no evidence that the vehicle was insured by the state, the defendant filed a motion for judgment of dismissal, pursuant to the rules of practice (§§ 10-30 [a] [1] and 15-8), in which it asserted that the plaintiff's failure to establish at trial that the vehicle was insured by the state placed the claim outside the purview of the waiver of sovereign immunity in § 52-556 and deprived the court of subject matter jurisdiction. The plaintiff opposed that motion, contending that it was never in dispute that the vehicle was insured by the state. He attached to his motion an exhibit in which the defendant admitted in an interrogatory that the state maintained self-insurance on the vehicle. The plaintiff concurrently filed a motion to open the evidence to allow him to place the interrogatory into evidence. The defendant opposed the motion to open, arguing that the trial court first had to address the dispositive jurisdictional issue or, alternatively, that the motion should be denied because the interrogatory could have been proffered earlier. Prior to rendering judgment for the plaintiff, the trial court denied the defendant's motion for judgment of dismissal but did not rule on the plaintiff's motion to open. The court's stated rationale for its denial of the defendant's motion was the defendant's delay in filing the motion or the application of the doctrine of laches. On the defendant's appeal challenging the court's decision on the motion for judgment of dismissal, *held* that the trial court improperly denied the defendant's motion on the basis of delay or laches and rendered judgment for the plaintiff without first resolving whether the defendant's motion raised a colorable jurisdictional issue and, if so, whether the court had jurisdiction over the cause of action, and, because the record in the case suggested that the various issues potentially implicated by the claims and circumstances were better left to be resolved in the first instance by the trial court, the judgment was reversed and the case was remanded to that court to resolve the jurisdictional challenge: to the extent that the defendant sought to challenge the trial court's subject matter jurisdiction through its motion, pursuant to Practice Book § 15-8, for failure to make out a prima facie case, such a motion was procedurally improper, and the trial court should have considered the jurisdictional issue raised by the defendant in its motion under Practice Book § 10-30, the appropriate procedure for challenging subject matter jurisdiction; moreover, the trial court was required to resolve the question of whether it had jurisdiction irrespective of the propriety of the procedural vehicle by which it was raised, and delay or laches was not a proper basis on which to deny a challenge to the trial court's subject matter jurisdiction in relation to whether a claim falls within the statutory waiver of sovereign immunity.

Argued March 28—officially released July 25, 2017

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the named defendant's negligent operation of a motor vehicle owned by the state, brought to the Superior Court in the judicial district of New Haven at Meriden, where the action was dismissed as against the named defendant; thereafter, the matter was tried to the court, *Cronan, J.*; subsequently, the court denied the defendant Department of Transportation's motion for judgment of dismissal and rendered judgment for the plaintiff, from which the defendant Department of Transportation appealed. *Reversed; further proceedings.*

*Ronald D. Williams, Jr.*, for the appellant (defendant Department of Transportation).

*Nathan C. Nasser*, with whom was *Robert A. Shrage*, for the appellee (plaintiff).

*Opinion*

McDONALD, J. The sole issue in this appeal is whether a party's delay in raising a challenge to the trial court's subject matter jurisdiction is a proper ground on which to decline to dismiss the action. The defendant state Department of Transportation appeals from the trial court's judgment in favor of the plaintiff, Rauni Machado, in his negligence action, following the trial court's denial of the defendant's motion for judgment of dismissal premised on the plaintiff's failure to allege and prove an element of the statutory waiver of sovereign immunity cited as authority to bring the action. We agree with the defendant that the timing of its motion was an improper ground on which to deny the motion for judgment of dismissal insofar as it challenged subject matter jurisdiction. Accordingly, we reverse the judgment of the trial court and remand the case for reconsideration of that motion.

The record reveals the following undisputed facts and procedural history. A motor vehicle operated by the plaintiff was struck by a motor vehicle owned by the state and operated by a state employee. In November, 2012, the plaintiff brought the present action against the defendant, seeking to recover damages for personal injuries sustained as a result of the accident and alleging in his complaint that General Statutes § 52-556 authorized the action.[1] Section 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." The complaint alleged that the state owned the vehicle, which the defendant admitted, but it did not allege that the vehicle was insured by the state against personal injuries or property damage. In November, 2015, the matter proceeded to a bench trial, during which the plaintiff proffered no evidence to establish that the vehicle was insured by the state.

After the close of evidence but before either party had submitted posttrial briefs, the defendant filed a motion captioned "Motion for Judgment of Dismissal," pursuant to both Practice Book §§ 10-30 (a) (1)[2] and 15-8,[3] asserting that the plaintiff's failure to offer evidence at trial to establish that the vehicle was insured by the state placed the claim outside the purview of the waiver of sovereign immunity in § 52-556, and thus deprived the court of subject matter jurisdiction. The plaintiff filed an opposition to the motion, in which he contended that it was never in dispute that the vehicle was insured by the state or that his claim fell within the waiver under § 52-556. The plaintiff attached to that opposition as an exhibit an interrogatory dated more than two years before trial, in which the defendant acknowledged that the state maintained self-insurance

on the vehicle. The plaintiff concurrently filed a request to open the evidence to allow him to place the interrogatory into evidence. The defendant opposed the motion to open, arguing that the trial court first had to address the dispositive jurisdictional issue, and, alternatively, that the motion should be denied on the merits because the interrogatory could have been proffered earlier. Although the defendant argued that it would be prejudicial to consider the interrogatory, it did not contend that it would have introduced evidence to rebut its response in the interrogatory. See *Piantedosi* v. *Floridia*, 186 Conn. 275, 278, 440 A.2d 977 (1982) ("An answer filed by a party to an interrogatory has the same effect as a judicial admission made in a pleading or in open court. It relieves the opposing party of the necessity of proving the facts admitted . . . but it is not conclusive upon him and will not prevail over evidence offered at the trial." [Internal quotation marks omitted.]); see also General Statutes § 52-200 (same).

The trial court ruled on the defendant's motion for a judgment of dismissal in its memorandum of decision rendering judgment for the plaintiff, but it did not rule on the plaintiff's motion to open evidence. In considering the defendant's motion attacking the plaintiff's failure of proof under two rules of practice, the trial court did not expressly consider whether the motion raised a jurisdictional issue or a challenge to the legal sufficiency of the claim. See *Egri* v. *Foisie*, 83 Conn. App. 243, 246–51, 848 A.2d 1266 (failure to allege negligent operation of vehicle as required by § 52-556 should have been raised through motion to strike, not motion to dismiss, because plaintiff potentially could state claim under statute), cert. denied, 271 Conn. 931, 859 A.2d 930 (2004); see also *In re Jose B.*, 303 Conn. 569, 572–80, 34 A.3d 975 (2012) (clarifying that absence of jurisdiction means that plaintiff could not establish jurisdictional facts, not that plaintiff had not done so). Nor did the court consider whether the factual issue asserted in the defendant's motion, alone or in combination with the interrogatory, raised an issue of fact that required further proceedings to resolve the jurisdictional issue. See *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983) (trial court may hold hearing if issues of fact are necessary to determine jurisdiction); see also *Conboy* v. *State*, 292 Conn. 642, 651–54, 974 A.2d 669 (2009) (describing procedures for addressing jurisdictional challenge depending on point at which issue raised). Instead, the trial court stated that it was denying the motion, cited the procedural history of the case, and provided the following comments: "The court finds it somewhat odd that the defendant [waited] until the close of evidence to file a motion that potentially could be dispositive of a case that is over three years old. In addition, a strong argument can be made that the [d]octrine of [l]aches may well apply here."

The defendant appealed from the judgment in the

plaintiff's favor, solely challenging the court's decision on its motion, and we transferred the appeal to this court. See General Statutes § 51-199 (c); Practice Book § 65-1. The defendant claims that the trial court improperly denied its motion on the basis of delay and laches because neither ground is a proper basis on which to deny a motion raising a lack of subject matter jurisdiction, and, even if such grounds were proper, the delay was justified. The plaintiff contends that the court properly denied the motion, albeit for reasons not stated by the court. We agree with the defendant that we must assume that the trial court denied the motion on the sole basis that the trial court articulated. We further agree that the stated rationale was not a proper basis on which to deny the defendant's motion purportedly raising a challenge to the court's jurisdiction.

We observe at the outset that, although the defendant's motion for judgment of dismissal was made pursuant to Practice Book §§ 10-30 (a) (1) and 15-8, our analysis focuses on the former. To the extent the defendant sought to challenge the court's subject matter jurisdiction through a motion for judgment of dismissal for failure to make out a prima facie case under the latter provision, the motion was procedurally improper for two reasons. First, a motion to dismiss pursuant to Practice Book § 10-30 (a) (1) is the appropriate procedure for challenging subject matter jurisdiction. See *St. George* v. *Gordon*, 264 Conn. 538, 545, 825 A.2d 90 (2003). Second, to the extent the motion sought a judgment of dismissal pursuant to Practice Book § 15-8, the defendant waived a claim that the plaintiff failed to make out a prima facie case under § 52-556 by presenting evidence in its defense and waiting until the close of evidence to file the motion. See, e.g., *Cormier* v. *Fugere*, 185 Conn. 1, 2, 440 A.2d 820 (1981) ("[a] motion for judgment of dismissal must be made by the defendant and decided by the court after the plaintiff has rested his case, but before the defendant produces evidence").

Although the motion was captioned in accordance with Practice Book § 15-8 as a motion for judgment of dismissal, the trial court nonetheless was required to consider the jurisdictional issue raised under Practice Book § 10-30. See *Franco* v. *East Shore Development, Inc.*, 271 Conn. 623, 629 n.7, 858 A.2d 703 (2004) ("[w]here a party captions its motion improperly, we look to the substance of the claim rather than the form" [internal quotation marks omitted]). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 570, 651 A.2d 1246 (1995); see also *Baldwin Piano & Organ Co.* v. *Blake*, 186 Conn. 295, 297, 441 A.2d 183 (1982) ("[w]henever the

absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction" [internal quotation marks omitted]). The trial court, therefore, was required to resolve the question of whether it had jurisdiction over the subject matter irrespective of the propriety of the procedural vehicle by which it was raised.

Accordingly, the question before us is whether delay or the doctrine of laches is a proper basis on which to deny the defendant's challenge to the trial court's subject matter jurisdiction in relation to whether the plaintiff's claim falls within the statutory waiver of sovereign immunity. We conclude that they are not.

It is well established that "[t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 313, 828 A.2d 549 (2003).

Delay suggests a failure to comply with a time limitation, whether specific or governed by a reasonableness standard. See General Statutes § 52-128 (after amendment, "the defendant shall have a reasonable time to answer the same"); Practice Book § 10-59 (plaintiff may amend pleading as of right during first thirty days after return day). "Laches consists of an inexcusable delay which prejudices the defendant. . . . We have said on other occasions that [t]he defense of laches does not apply unless there is an unreasonable, inexcusable, and prejudicial delay in bringing suit. . . . Delay alone is not sufficient to bar a right; the delay . . . must be unduly prejudicial."[4] (Internal quotation marks omitted.) *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 398–99, 119 A.3d 462 (2015). We have never stated that delay or laches precludes a jurisdictional challenge.

Indeed, such a conclusion would contravene well settled law. "[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The objection of want of jurisdiction may be made *at any time* . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction *cannot be waived by any party and can be raised at any stage in the proceedings*." (Emphasis added; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 548, 133 A.3d 140 (2016);

accord Practice Book § 10-33; *St. Paul Travelers Cos.* v. *Kuehl*, 299 Conn. 800, 815–16, 12 A.3d 852 (2011). Hence, this court has recognized that it is proper to consider a challenge to subject matter jurisdiction raised posttrial before the trial court; see *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 552; *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 86 n.22, 952 A.2d 1 (2008); raised for the first time on appeal; see *Perez-Dickson* v. *Bridgeport*, 304 Conn. 483, 506, 43 A.3d 69 (2012); and even raised in a collateral attack under certain circumstances. See *Investment Associates* v. *Summit Associates, Inc.*, 309 Conn. 840, 855, 74 A.3d 1192 (2013). Only in the context of a collateral attack on the judgment by way of a separate action have we considered whether the parties had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal. See id.

Accordingly, it was improper for the trial court to deny the defendant's motion and render judgment in favor of the plaintiff without first resolving whether the defendant's motion raised a colorable jurisdictional issue, and, if so, whether it had jurisdiction over the cause of action. Although this court will resolve a jurisdictional challenge raised for the first time on appeal, the record in this case suggests that the various issues potentially implicated by the claims and circumstances are better left to be resolved in the first instance by the trial court. To the extent that further proceedings are necessary to resolve those issues, nothing stated in this opinion precludes such proceedings in accordance with law.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other justices concurred.

[1] The plaintiff also named the state employee, Wilbert Taylor, as a defendant. Taylor successfully moved to dismiss the action against him on the basis of immunity under General Statutes § 4-165. All references to the defendant herein are to the Department of Transportation.

[2] Practice Book § 10-30 (a) (1) provides in relevant part: "A motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . ."

[3] Practice Book § 15-8 provides in relevant part: "If, on the trial of any issue of fact in a civil matter tried to the court, the plaintiff has produced evidence and rested, a defendant may move for judgment of dismissal, and the judicial authority may grant such motion if the plaintiff has failed to make out a prima facie case. . . ."

[4] We have not previously considered whether laches may be asserted by a plaintiff in an offensive manner, a matter on which other courts disagree, or whether it can be asserted to bar a motion as opposed to a cause of action, and our decision should not be construed to recognize the propriety of such an action. We need not resolve these issues, however, for purposes of this appeal.