******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## LUIS CARRERO *v.* TIM D'AGUILA ET AL.
## (AC 47649)

Elgo, Wilson and Eveleigh, Js.

*Syllabus*

The defendants, a property management company and its employee, appealed from the trial court's judgment for the plaintiff tenant in an action brought pursuant to the entry and detainer statute (§ 47a-43). The defendants claimed, inter alia, that the court lacked subject matter jurisdiction because the plaintiff did not have actual possession of the parking area at issue. *Held*:

The trial court had subject matter jurisdiction over the plaintiff's action and correctly found in his favor, as the defendants' contention that the plaintiff did not possess a leasehold interest in the parking area did not implicate subject matter jurisdiction but, rather, challenged the legal sufficiency of the plaintiff's claim, and the defendants did not demonstrate that the court lacked the authority to adjudicate the action or that it failed to address the issue of subject matter jurisdiction in denying their motions to dismiss.

Argued February 5—officially released March 24, 2026

*Procedural History*

Action to recover possession of certain premises and personal property following the unlawful entry and detainer by the defendants, and for other relief, brought to the Superior Court in the judicial district of New Haven, Housing Session at Meriden, and tried to the court, *Jacobs, J.*; thereafter, the court denied the defendants' motion to dismiss and rendered judgment for the plaintiff; subsequently, the court denied the defendants' motion for reconsideration and to dismiss, and the defendants appealed to this court. *Affirmed.*

*David V. DeRosa*, for the appellants (defendants).

*Alexander T. Taubes*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants, Tim D'Aguila and Carabetta Management Co., appeal from the judgment of the trial court rendered in favor of the plaintiff, Luis Carrero, in an action for unlawful entry and detainer under General Statutes § 47a-43. On appeal, the defendants

claim that the court lacked subject matter jurisdiction over the plaintiff's action because the plaintiff did not have actual possession of the property at issue, as required pursuant to § 47a-43. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff operated an automobile repair shop on property located at 955 Broad Street in Meriden (premises). The plaintiff rented the premises from Atkins Street, LLC, pursuant to a written month-to-month lease. It is undisputed that D'Aguila is an employee of Carabetta Management Co., and both are agents of the lessor, Atkins Street, LLC, which is not a party to this action.

On April 1, 2024, the plaintiff filed a verified lockout complaint and application for a temporary injunction pursuant to § 47a-43, alleging that, on March 29, 2024, the defendants or their agents prevented him from occupying the premises and had him falsely arrested for trespassing. The plaintiff further alleged that, on behalf of the lessor, the defendants or their agents "[b]roke locks [and] towed over seventy cars, damaging the plaintiff's commercial business." The defendants subsequently were served with a summons and complaint on April 2, 2024, and a trial on the plaintiff's cause of action for unlawful entry and detainer was scheduled for April 9, 2024.[1]

On the morning of April 9, 2024, the defendants filed a motion to dismiss the action for lack of subject matter jurisdiction. The defendants contended that, "while Connecticut provides protection for residential dwellers and commercial tenants, renters of parking spaces do not enjoy the same benefits." In addition, the defendants argued that they had, at all relevant times, acted

[1] General Statutes § 47a-43 (b) provides in relevant part that the court "shall forthwith issue a summons to the party complained of, directed to some proper officer, to notify him to appear at a specified time and place, within eight days from the exhibition of such complaint, in the superior court for the judicial district wherein the injury complained of was done, to answer to the matters contained in the complaint."

in accordance with the terms of the plaintiff's rental agreement.

The defendants and their counsel subsequently failed to appear for trial on that same day. The court, *Jacobs, J.*, proceeded to trial in their absence in accordance with § 47a-43 (d).[2] Several exhibits were entered into evidence, including the written lease agreement, and the court heard testimony from the plaintiff. At the conclusion of the trial, the court made oral findings in favor of the plaintiff on the merits of his complaint and stated that it was denying the defendants' motion to dismiss.

Following the trial, the court issued a written order summarily denying the defendants' motion to dismiss. The court also issued a written decision rendering judgment in favor of the plaintiff and finding the defendants "guilty of an illegal entry and detainer in violation of . . . § 47a-43 (a) . . . ." The court made the following factual findings in support of this determination: "On March 29, 2024, the plaintiff . . . was, pursuant to a written month-to-month lease, a tenant lawfully and actually in possession of the premises, a parking lot bounded on the sides by a wooden fence and on the front side by a wire fence with a gate and where he kept vehicles which had been placed in his care and custody by his customers, as well as engines, transmissions, and automotive parts. On said date, representatives of the defendant Carabetta Management Co. cut the lock to the gate of the premises, and the police were called to the premises. Despite the plaintiff's explanation to the police that he was lawfully in possession of the premises, and no notice to quit had been served, the police detained the plaintiff and charged him with trespass. . . . On [that same date], there were approximately seventy vehicles on the premises . . . and on or about said date, D&L Towing [and Repair, LLP], an affiliate of Carabetta Management Co., removed the vehicles from the premises and towed the vehicles to its

[2] General Statutes § 47a-43 (d) provides: "If, after service of such summons, the party complained of does not appear and defend, the judge shall proceed in the same manner as if he were present."

lot where, to the best of the plaintiff's knowledge and belief, those vehicles remain to this date. In addition to the removal of the vehicles, the plaintiff's equipment, including, but not limited to, engines, transmissions, and automotive parts . . . was destroyed by the defendants. . . . The court further finds that the defendants have prevented the plaintiff from occupying the premises since March 29, 2024, and the plaintiff remains out of possession of the premises. The court finds that the defendants took possession of and destroyed personal property belonging to the plaintiff. . . . The forcible entry into the parking lot was an entry into land of which the plaintiff was lawfully and actually in possession. . . . The defendants have caused irreparable loss and damage because the plaintiff is being deprived of the premises, his personal property, and the vehicles which had been placed by his customers in his custody and care and removed by D&L Towing [and Repair, LLP]. The court finds that the plaintiff is without an adequate remedy at law."

As relief, the trial court ordered that the plaintiff "be immediately restored to, and reseized of, the premises," and that, not later than April 23, 2024, the vehicles and personal property removed from the premises be returned to the plaintiff. In addition, the court issued a permanent injunction "preventing the defendant[s] and their [agents] . . . from depriving the plaintiff of access to the premises and to his personal property so long as he remains in lawful and actual possession of the premises," and awarded the plaintiff a writ of restitution. Finally, the court ordered the defendants to compensate the plaintiff for any economic loss he had suffered as a result of the illegal entry and detainer, the amount of which would be determined by the court following an evidentiary hearing.[3]

---

[3] In his brief to this court, the plaintiff raised the question of whether the defendants are appealing from a final judgment given that the trial court had not yet ruled on damages. We conclude that there is a final judgment because the court resolved the question of liability and issued, inter alia, a permanent injunction as equitable relief. See, e.g., *Kelly* v. *New Haven*, 275 Conn. 580, 599–600, 881 A.2d 978 (2005) (party is permitted to appeal injunction in absence of determination of

On April 23, 2024, the defendants filed a motion to reconsider the denial of their previous motion to dismiss, along with a corrected motion to dismiss. In their motion to reconsider, the defendants argued that their previous motion to dismiss was filed in error, as it contained "the incomplete work product of an intern," and that genuine issues of material fact remained as to the jurisdiction of the court. In their corrected motion to dismiss, the defendants again argued that the action should be dismissed for lack of subject matter jurisdiction and requested that the court "vacate its prior order and hold an evidentiary hearing on the jurisdiction of the court and to reconsider any potential liability of the defendant[s]." The court held a hearing on the defendants' motions on May 9, 2024.

On May 10, 2024, the trial court issued a written decision denying the defendants' motions. With respect to the motion to reconsider, the court found, inter alia, that "[t]he date assigned for the [unlawful entry and detainer] hearing was within the time frame prescribed by [§] 47a-43 (b)"; the court had issued notice of that hearing on April 1, 2024; proper service of that notice was made on April 2, 2024; the defendants failed to appear for that hearing, although an appearance was filed on their behalf just one day prior; and "[p]roceeding with the April 9 hearing in the absence of the defendants was a statutory imperative [pursuant to § 47a-43 (d)]." The court also concluded: "The court having denied the motion to reconsider, the defendants' motion to dismiss is denied as moot." This appeal followed.

On appeal, the defendants claim, inter alia, that the trial court lacked subject matter jurisdiction over the plaintiff's action because the plaintiff did not have actual possession of the property at issue, as required pursuant to § 47a-43.[4] Specifically, they argue that the plaintiff

damages as long as all issues alleged in complaint as to liability have been determined).

[4] The defendants also claim that (1) the trial court deprived them of due process by failing to schedule a hearing on their motion to dismiss and proceeding to trial, and (2) the plaintiff's action is now moot because the plaintiff subsequently was evicted from the premises and

"was never in actual possession of the parking area" because he "possessed a license and not a leasehold interest in the premises." In addition, they contend that the court improperly failed to address the issue of subject matter jurisdiction in ruling on their motions to dismiss.

"[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *Housing Authority* v. *Stevens*, 209 Conn. App. 569, 577, 267 A.3d 927, cert. denied, 343 Conn. 907, 273 A.3d 234 (2022).

"The process of entry and detainer is in its nature an action by which one in the possession and enjoyment of any land, tenement or dwelling unit, who has been deprived of it, may be restored to the possession and enjoyment of that property. . . . In an action commenced under the entry and detainer statute, § 47a-43, the plaintiff must show that he was in actual possession of the premises at the time of the defendant's entry.[5] . . . Gen-

_____

the vehicles that the defendants removed from the premises are back in his possession.

We conclude that the defendants' due process claim has no merit and requires little discussion because it is undisputed that the defendants and their counsel had notice of when trial was scheduled to commence and, without any explanation, decided not to appear. In addition, we summarily reject the defendants' mootness claim because there is practical relief that can be afforded to the parties given that "the validity of the earlier finding of unlawful entry and detainer will govern the disposition of the damages claim currently pending before the trial court." *Wilcox* v. *Ferraina*, 100 Conn. App. 541, 549, 920 A.2d 316 (2007).

[5] Specifically, General Statutes § 47a-43 (a) provides: "When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand, or (3) enters into any land, tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause

erally, the inquiry is whether the one claiming actual possession has exercised the dominion and control that owners of like property usually exercise, although it is not necessary to show a continuous personal presence on the land." (Footnote added.) *Fleming* v. *Bridgeport*, 92 Conn. App. 400, 404, 886 A.2d 1220 (2005), aff'd, 284 Conn. 502, 935 A.2d 126 (2007).

We conclude that the defendants mistakenly conflate the trial court's subject matter jurisdiction with the merits of the plaintiff's unlawful entry and detainer action. See *Housing Authority* v. *Stevens*, supra, 209 Conn. App. 577; see also *Fleming* v. *Bridgeport*, supra, 92 Conn. App. 404 ("[t]he question of whether the plaintiff was in actual possession at the time of the defendant's entry is one for the trier of fact" (internal quotation marks omitted)). The arguments raised by the defendants do not implicate jurisdiction but, rather, challenge the legal sufficiency of the plaintiff's claim. See *Machado* v. *Taylor*, 326 Conn. 396, 400–401, 163 A.3d 558 (2017); see also *In re Jose B.*, 303 Conn. 569, 572–80, 34 A.3d 975 (2012). Beyond arguing that the plaintiff was not in actual possession of the premises, the defendants have not attempted to demonstrate that the trial court lacked the authority to adjudicate the plaintiff's unlawful entry and detainer action and therefore lacked subject matter jurisdiction.[6]

In addition, we briefly address the defendants' contention that the trial court improperly failed to address

damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."

[6] As part of their claim that the trial court lacked subject matter jurisdiction, the defendants also contend that the plaintiff had a license rather than a lease and, therefore, lacked a possessory interest in the property. As we have pointed out in this opinion, whether the plaintiff had a possessory interest in the property goes to the merits of the action and not to whether the court lacked subject matter jurisdiction over the action. Even if the plaintiff had a license rather than a lease, however, he could still have had "actual possession" within the meaning of § 47a-43. See, e.g., *Wilcox* v. *Ferraina*, 100 Conn. App. 541, 551, 920 A.2d 316 (2007) ("Even if we assume arguendo that [the plaintiff] had

the issue of subject matter jurisdiction in denying their motions to dismiss. To the extent the defendants argue that the court "never acted" on their initial motion to dismiss, we disagree. The court expressly denied the motion to dismiss at the conclusion of trial, as reflected in an order issued on that same date, and, as we previously explained in this opinion, the defendants' claim that the court lacked jurisdiction is legally flawed.

We do, however, agree with the defendants insofar as the trial court denied their corrected motion to dismiss as "moot." "[O]nce the question of lack of jurisdiction of a court is raised, [i]t must be disposed of no matter in what form it is presented . . . ." (Internal quotation marks omitted.) *Machado* v. *Taylor*, supra, 326 Conn. 402; see also id., 404 ("it is proper to consider a challenge to subject matter jurisdiction raised posttrial before the trial court"); *Housing Authority* v. *Cyr*, 234 Conn. App. 527, 536, 344 A.3d 527 (2025) ("[a] claim that a court lacks subject matter jurisdiction may be raised at any time during the proceedings" (internal quotation marks omitted)). Because the court had subject matter jurisdiction over this action for the reasons discussed previously in this opinion, we conclude that the court reached the correct result in denying the defendants' corrected motion to dismiss, even if it did so for the wrong reason.[7]

The judgment is affirmed.

---

a license and thereby lacked any possessory interest in the property, we fail to see how that fact pertains to the 'actual possession' inquiry that is the touchstone of entry and detainer law. Many who have no right of possession to land or property are nonetheless in 'actual possession' within the meaning of § 47a-43.").

[7] See, e.g., *Edgewood Properties, LLC* v. *Dynamic Multimedia, LLC*, 226 Conn. App. 583, 596–97, 319 A.3d 123 ("[w]e may affirm the judgment of the court if it reached the right result, even if it did so for the wrong reason" (internal quotation marks omitted)), cert. denied, 350 Conn. 905, 323 A.3d 344 (2024).