******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MTGLQ INVESTORS, L.P. *v.*
KEVIN HAMMONS ET AL.
(AC 42750)

Alvord, Moll and Beach, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned
by the defendant H. The plaintiff moved for summary judgment as to
liability only to which H objected, arguing that the plaintiff had failed
to comply with the statutory (§ 8-265ee (a)) notice requirement of the
Emergency Mortgage Assistance Program, which requires a mortgagee
to provide certain specific notice to the mortgagor before it can com-
mence a foreclosure of a qualifying mortgage. H argued that this failure
deprived the trial court of subject matter jurisdiction. The plaintiff
argued that this requirement was satisfied and relied on the notice sent
prior to the commencement of a previous foreclosure action brought
by its predecessor in interest, that was later dismissed for failure to
prosecute. Although the trial court acknowledged the plaintiff's failure
to comply with the notice requirement and its attempts to import the
notice from the previous action, it granted the motion for summary
judgment. The trial court granted the plaintiff's motion for a judgment
of strict foreclosure and rendered judgment thereon, from which H
appealed to this court. *Held* that the trial court lacked subject matter
jurisdiction because the plaintiff failed to comply with the notice require-
ment § 8-265ee (a), a jurisdictional necessity; as a matter of first impres-
sion, the notice requirement of § 8-265ee (a), when applicable, is a
condition precedent to the commencement of a foreclosure action and
the failure to comply deprives the trial court of subject matter jurisdic-
tion; moreover, the plaintiff could not prevail on its claim that it was
entitled to rely on the notice sent in a separate foreclosure action by
its predecessor in interest.

Argued January 22—officially released March 24, 2020

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant, and for other relief,
brought to the Superior Court in the judicial district of
Fairfield, where the defendant Capital One Bank (USA),
N.A. et al., were defaulted for failure to appear; there-
after, the defendant Ameridge Condominium Associa-
tion, Inc., was defaulted for failure to plead; subse-
quently, the court, *Bruno, J.*, granted the plaintiff's
motion for summary judgment as to liability only; there-
after, the court, *Bruno, J.*, granted the plaintiff's motion
for a judgment of strict foreclosure and rendered judg-
ment thereon, from which the named defendant
appealed to this court. *Reversed*; *judgment directed*.

*Kevin Hammons*, self-represented, the appellant
(named defendant).

*Jason E. Brooks*, with whom, on the brief, was *Denise
L. Morelli*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant Kevin Hammons[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, MTGLQ Investors, L.P. On appeal, the defendant claims that (1) the plaintiff's failure to comply with General Statutes § 8-265ee (a), the notice provision of the Emergency Mortgage Assistance Program (EMAP), General Statutes § 8-265cc et seq., left the court without subject matter jurisdiction to entertain the foreclosure action, (2) the court abused its discretion in rendering summary judgment without holding oral argument on his objection to the motion, and (3) the court improperly denied his motion for reconsideration with respect to the issue of standing. We agree with the defendant's first claim and conclude, as a matter of first impression, that the EMAP notice requirement contained in § 8-265ee (a), when applicable, is a subject matter jurisdictional condition precedent to the commencement of a foreclosure action, such that the failure of the plaintiff (as the original plaintiff in the present action) to mail an EMAP notice to the defendant (as the mortgagor) deprived the court of subject matter jurisdiction.[2] Accordingly, we reverse the judgment of the trial court and remand the case with direction to dismiss the action.

The record reveals the following facts and procedural history. Prior to the commencement of the present action, on or about August 4, 2005, the defendant executed a promissory note with American Mortgage Network, Inc., for $140,000, secured by a mortgage on real property located at 585 Glendale Avenue in Bridgeport (property). The principal amount of the loan was later modified to reflect an increased amount. Following an assignment not relevant to this appeal, the mortgage was assigned on December 4, 2013, to Federal National Mortgage Association (Fannie Mae). On April 3, 2014, the defendant's loan servicer sent a letter to the defendant notifying him that the loan was in default and providing him with the opportunity to cure. Accompanying that letter was the notice prescribed by EMAP. Thereafter, Fannie Mae commenced a foreclosure action against the defendant. See *Federal National Mortgage Assn. Fannie Mae* v. *Hammons*, Superior Court, judicial district of Fairfield, Docket No. CV-14-6046100-S (Fannie Mae action). On August 8, 2017, however, the trial court, *Bellis, J.*, dismissed the action pursuant to Practice Book § 14-3 on the ground that Fannie Mae failed to prosecute the action with reasonable diligence.[3] Meanwhile, on June 28, 2017, Fannie Mae had assigned the mortgage to the plaintiff. The record does not reflect that a motion to substitute the plaintiff was filed in the Fannie Mae action.

On November 24, 2017, the plaintiff commenced this foreclosure action, bearing Docket No. CV-18-6069305-S, alleging that the note was in default and that the

default had not been cured by the defendant. The plaintiff sought, among other things, foreclosure of the mortgage and possession of the property. In his answer, the defendant denied having received from the plaintiff written notice of the default. On August 29, 2018, the plaintiff moved for summary judgment as to liability only, arguing that it had established a prima facie case for foreclosure and that it had standing to bring the action. In his memorandum in opposition to the plaintiff's motion for summary judgment, the defendant argued, in part, that the plaintiff failed to comply with the EMAP notice requirement of § 8-265ee (a), thus depriving the court of subject matter jurisdiction over the foreclosure action. In its reply, the plaintiff, in arguing that § 8-265ee (a) was satisfied, exclusively relied on the April 3, 2014 EMAP notice sent prior to the commencement of the Fannie Mae action.[4]

On January 18, 2019, after conducting an evidentiary hearing on the EMAP notice issue, the trial court, *Bruno, J.*, granted the plaintiff's motion for summary judgment.[5] The court determined that the plaintiff had established a prima facie case for foreclosure, yet noted "the glaring exception of compliance with the requirement of EMAP notification."[6] While expressing concern over the plaintiff's attempt to import the EMAP notice from the Fannie Mae action into the present foreclosure action, the court nonetheless concluded that the defendant's challenge to the plaintiff's compliance with the EMAP notice requirement was dilatory in nature and that the absence of an EMAP notice by the plaintiff was not prejudicial to the defendant in any way. On January 29, 2019, the defendant filed a motion for reconsideration wherein he again urged the court to dismiss the action for lack of subject matter jurisdiction. The court denied the motion for reconsideration. On March 21, 2019, the court rendered a judgment of strict foreclosure. This appeal followed.

The defendant claims that the trial court was without subject matter jurisdiction because the plaintiff failed to comply with the EMAP notice requirement of § 8-265ee(a), which the defendant contends was a condition precedent to the commencement of this foreclosure action. The plaintiff counters that § 8-265ee (a) was satisfied by virtue of the EMAP notice that was sent on April 3, 2014, by Fannie Mae's loan servicer prior to the Fannie Mae action.[7] According to the plaintiff, the change in mortgagees following the April 3, 2014 EMAP notice, as well as the intervening dismissal of the Fannie Mae action, are of no moment.[8] We agree with the defendant.

Our resolution of the defendant's claim requires us to determine whether the EMAP notice requirement of § 8-265ee (a) is subject matter jurisdictional and, if so, whether the mailing of the April 3, 2014 EMAP notice prior to the commencement of the Fannie Mae action

satisfies the EMAP notice requirement in the present case. These are questions of statutory interpretation over which we exercise plenary review. See *Chase Home Finance, LLC* v. *Scroggin*, 194 Conn. App. 843, 851, 222 A.3d 1025 (2019). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Gonzalez* v. *O & G Industries, Inc.*, 322 Conn. 291, 302–303, 140 A.3d 950 (2016).

Furthermore, "[i]n determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. . . . In order to establish subject matter jurisdiction, the court must determine that it has the power to hear the general class [of cases] to which the proceedings in question belong. . . . In some cases, however, it is necessary to examine the facts of the case to determine whether it is within a general class that the court has power to hear." (Citations omitted; internal quotation marks omitted.) *Lampasona* v. *Jacobs*, 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989). Such an examination was required in the present action.

It is well settled that the Superior Court is authorized to hear all causes of action, except those over which the probate courts have original jurisdiction. General Statutes § 51-164s. There is no question that the Superior Court is authorized to hear foreclosure cases. For the reasons that follow, however, the jurisdiction of the Superior Court in certain foreclosure cases is subject to a condition precedent. That is, before the court can entertain a foreclosure action, the mortgagee who wishes to commence a foreclosure of any mortgage encompassed by General Statutes § 8-265ff (e) (1), (9), (10), and (11) must send, by certified or registered mail,

an EMAP notice to the mortgagor.

We begin by examining the language of the statute. Section 8-265ee (a) provides: "On and after July 1, 2008, a mortgagee who desires to foreclose upon a mortgage which satisfies the standards contained in subdivisions (1), (9), (10) and (11) of subsection (e) of section 8-265ff, shall give notice to the mortgagor by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage. *No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice.* Such notice shall advise the mortgagor of his delinquency or other default under the mortgage and shall state that the mortgagor has sixty days from the date of such notice in which to (1) have a face-to-face meeting, telephone or other conference acceptable to the [Connecticut Housing Finance Authority (authority)] with the mortgagee or a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise, and (2) contact the authority, at an address and phone number contained in the notice, to obtain information and apply for emergency mortgage assistance payments if the mortgagor and mortgagee are unable to resolve the delinquency or default."[9] (Emphasis added.) Pursuant to § 8-265cc, the term "[m]ortgagee" is defined, for purposes of §§ 8-265cc through 8-265kk, as follows: "(4) 'Mortgagee' means the original lender under a mortgage, or its agents, successors, or assigns . . . ."

The first sentence of § 8-265ee (a) creates a notice requirement applicable to any "mortgagee who desires to foreclose upon a mortgage" that satisfies the standards in § 8-265ff (e) (1), (9), (10), and (11). The second sentence then provides that "[*n*]*o such mortgagee* may commence a foreclosure of a mortgage prior to mailing such notice." (Emphasis added.) General Statutes § 8-265ee (a). By its use of the phrase "such mortgagee," the second sentence necessarily refers to the particular mortgagee in the preceding sentence, i.e., the one that desires to foreclose upon a mortgage. Stated differently, the second sentence makes clear that it is directed—not to *any* mortgagee in the chain of assignment but—to *the mortgagee* that wishes to "commence a foreclosure" of an applicable mortgage. In other words, the second sentence is directed to the original plaintiff in a foreclosure action. Such statutory provision then provides that such mortgagee may not commence a foreclosure "prior to mailing such notice," namely, the notice described in the first sentence. In this regard, the second sentence makes clear that it is *the mortgagee* that wishes to commence a foreclosure that has the obligation of mailing an EMAP notice. These provisions are clear and unambiguous. Their plain terms indicate that, in applicable cases, a mortgagee may not commence a foreclosure action without first mailing the mortgagor the prescribed notice. In the absence of such notice, a

foreclosure action may not be commenced.

On the basis of the foregoing, we conclude that the EMAP notice requirement set forth in § 8-265ee (a), when applicable, is a condition precedent to the commencement of a foreclosure action. As such, the failure to comply with the notice requirement deprives the trial court of subject matter jurisdiction.[10] See *Lampasona* v. *Jacobs*, supra, 209 Conn. 729–30 (collecting cases for proposition that certain statutory notice requirements constitute jurisdictional conditions precedent to commencement of actions). In the present case, a previous mortgagee, Fannie Mae, through its loan servicer, had mailed an EMAP notice to the defendant prior to the commencement of a separate foreclosure action that was subsequently dismissed. Thereafter, the plaintiff commenced a *new* foreclosure action against the defendant. There is no dispute that the plaintiff—as the original plaintiff in the present action—did not mail the defendant an EMAP notice as required by § 8-265ee (a).

There is nothing in the plain language of § 8-265ee (a) to support the plaintiff's argument that it may satisfy the statute by relying on a prior mortgagee's EMAP notice sent prior to a previously dismissed foreclosure action. Moreover, in suggesting that it may rely on an EMAP notice sent by a prior mortgagee in connection with a separate foreclosure action, the plaintiff's reliance on the definition of "[m]ortgagee," which includes an original mortgage lender's "agents, successors, or assigns"; General Statutes § 8-265cc (4); is misplaced, for it ignores the plain meaning of the text of § 8-265ee (a), which is carefully directed to a particular mortgagee in time.[11]

In sum, we conclude that a mortgagee that wishes to commence a foreclosure of an applicable mortgage must provide the prescribed EMAP notice in accordance with § 8-265ee (a) prior to the commencement of a foreclosure action, and the failure to do so deprives the trial court of subject matter jurisdiction. Because the plaintiff, as the original plaintiff in the present action, failed to comply with this jurisdictional necessity, the trial court lacked subject matter jurisdiction.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the action for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] The plaintiff also brought this action against Ameridge Condominium Association, Inc. (Ameridge), Capital One Bank (USA), N.A. (Capital One), Portfolio Recovery Associates, LLC (Portfolio), and the Department of Revenue Services (DRS). Capital One, Portfolio, and DRS were defaulted for failure to appear. Ameridge was defaulted for failure to plead. Therefore, our references to the defendant are only to Kevin Hammons.

[2] In light of our conclusion, we need not address the defendant's other claims.

[3] On August 29, 2017, Fannie Mae filed a motion to open the judgment of dismissal. The trial court denied that motion.

[4] Indeed, on October 18, 2018, the plaintiff filed an affidavit of compliance with EMAP, relying exclusively on the April 3, 2014 EMAP notice and stating

incorrectly that *it* had mailed such notice.

[5] The propriety of the trial court's conducting an evidentiary hearing on the plaintiff's motion for summary judgment is not a subject of this appeal. See *Wells Fargo Bank, N.A.* v. *Ferraro*, 194 Conn. App. 467, 470, 221 A.3d 520 (2019) (reversing summary judgment on basis that "the trial court improperly permitted, considered and relied on live testimony from witnesses at an evidentiary hearing on the plaintiff's motion for summary judgment"); *Magee Avenue, LLC* v. *Lima Ceramic Tile, LLC*, 183 Conn. App. 575, 585–86, 193 A.3d 700 (2018) (concluding that trial court improperly permitted and considered defendant's live testimony during hearing on motion for summary judgment).

[6] The court did not expressly analyze whether the notice requirement of § 8-265ee (a) implicated its subject matter jurisdiction.

[7] The plaintiff does not contend that § 8-265ee (a) is not subject matter jurisdictional.

[8] We note that the plaintiff also argues that the defendant did not properly raise the issue of subject matter jurisdiction before the trial court by way of a motion to dismiss pursuant to Practice Book § 10-30 (a) (1). This argument is unavailing. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *Machado* v. *Taylor*, 326 Conn. 396, 402, 163 A.3d 558 (2017). Although the defendant did not properly raise the issue of subject matter jurisdiction in a motion to dismiss, the trial court "was required to resolve the question of whether it had jurisdiction over the subject matter irrespective of the propriety of the procedural vehicle by which it was raised." Id.

The plaintiff also suggests that the defendant had waived his EMAP related objection. Given our conclusion that the notice requirement pursuant to § 8-265ee (a) implicates the court's subject matter jurisdiction, the plaintiff's argument in this regard is without merit. See *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005) (subject matter jurisdiction requirement may not be waived).

[9] As this court has explained, "the obligation to give notice pursuant to § 8-265ee before commencing a foreclosure action applies only if the plaintiff is seeking to foreclose a mortgage that satisfies certain standards enumerated in § 8-265ff (e)." *Washington Mutual Bank* v. *Coughlin*, 168 Conn. App. 278, 290, 145 A.3d 408, cert. denied, 323 Conn. 939, 151 A.3d 387 (2016); see id. (in light of its conclusion that defendants were not entitled to notice pursuant to § 8-265ee, court left open question of whether failure to comply with notice requirement under § 8-265ee implicates subject matter jurisdiction). Unlike the circumstances in *Coughlin*, there is no claim in the present action that the mortgage does not fall within § 8-265ff (e) (1), (9), (10), and (11). Rather, the issue here is whether the plaintiff complied with the EMAP notice requirement, which the parties do not dispute us applicable.

[10] Our conclusion is further supported by the great weight of Superior Court authority, which has concluded that the EMAP notice requirement is subject matter jurisdictional. See, e.g., *M&T Bank* v. *Wolterstorff*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-16-6029152-S (September 10, 2018) (67 Conn. L. Rptr. 45, 46); *West Coast Servicing, Inc.* v. *Feaster*, Superior Court, judicial district of New London, Docket No. CV-14-6021726 (November 20, 2017) (65 Conn. L. Rptr. 527, 529–30); *People's United Bank* v. *Wright*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-10-6004126-S (March 30, 2015) (60 Conn. L. Rptr. 69, 70).

[11] It would be a wholly different matter had the plaintiff been substituted in the Fannie Mae action, in which case it would not have had to mail the defendant a new EMAP notice.