******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# KEYBANK, N.A. *v.* EMRE YAZAR ET AL.
## (AC 42829)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendants. The plaintiff moved for summary judgment to which the defendant O objected, claiming that the plaintiff had failed to comply with the statutory (§ 8-265ee (a)) notice requirement of the Emergency Mortgage Assistance Program, which requires a mortgagee to provide certain specific notice to the mortgagor before it can commence a foreclosure of a qualifying mortgage. O claimed that this failure deprived the trial court of subject matter jurisdiction. The plaintiff claimed that this requirement was satisfied, relying on notice that had been sent prior to the commencement of a previous foreclosure action involving the defendants brought by the original lender. That previous foreclosure action was dismissed. The trial court concluded that the plaintiff had complied with its obligations to send notices of default and satisfied its EMAP obligations pursuant to § 8-265ee. The trial court granted the motion for summary judgment and rendered judgment of strict foreclosure, from which O appealed to this court. *Held* that the trial court lacked subject matter jurisdiction because the plaintiff, as the original plaintiff in the present action, failed to comply with the jurisdictional condition precedent of the notice requirements of § 8-265ee (a), and there was no dispute that the plaintiff did not mail the defendants EMAP notice in connection with the present action; moreover, a foreclosure action in which the EMAP notice requirement applies must stand on its own EMAP notice, and, when a mortgagee's initial in-court attempt to foreclose results in a dismissal of that foreclosure action, such that it must commence a foreclosure anew, § 8-265ee (a) requires the mailing of a new EMAP notice in order to commence the subsequent foreclosure action.

Submitted on briefs December 1, 2020—officially released August 10, 2021

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendants, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendants were defaulted for failure to plead; thereafter, the court, *Genuario, J.*, granted the plaintiff's motion for summary judgment as to liability only; subsequently, the court, *Genuario, J.*, granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant Ozlem Yazar appealed to this court. *Reversed*; *judgment directed*.

*Ozlem Yazar*, self-represented, the appellant (defendant).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The defendant Ozlem Yazar,[1] a self-represented party, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, KeyBank, N.A. On appeal, the defendant claims, inter alia, that the plaintiff failed to comply with General Statutes § 8-265ee (a), the notice provision of the Emergency Mortgage Assistance Program (EMAP), General Statutes § 8-265cc et seq., and that such noncompliance left the court without subject matter jurisdiction to entertain the foreclosure action. We agree and conclude that the failure of the plaintiff (as the original plaintiff in the present action) to mail an EMAP notice to the defendant (as the mortgagor) in connection with the present action deprived the court of subject matter jurisdiction. Accordingly, we reverse the judgment of the trial court and remand the case with direction to dismiss the action.

The record reveals the following facts and procedural history relevant to the defendant's claims on appeal. On June 19, 2014, Emre Yazar executed and delivered a promissory note in the original principal amount of $580,000 to First Niagara Bank, N.A. (First Niagara). To secure the note, Emre Yazar and the defendant executed a mortgage on real property located at 25 Fresh Meadow Road in Weston (property), which mortgage deed was recorded on the Weston land records. Beginning in March, 2016, and each and every month thereafter, Emre Yazar failed to make payments on the note. On August 22, 2016, First Niagara sent separate notices of default and the notices prescribed by EMAP to Emre Yazar and to the defendant, individually, to the property address. On or about October 8, 2016, the plaintiff acquired First Niagara. The plaintiff, through an agent, has possession of the note and is the mortgagee of record.

On January 16, 2017, the plaintiff commenced, in the judicial district of Fairfield, a foreclosure action against Emre Yazar and the defendant. See *KeyBank N.A.* v. *Yazar*, Superior Court, judicial district of Fairfield, Docket No. CV-17-6061930-S (prior foreclosure action). On April 26, 2017, however, the trial court dismissed the action on the basis of the plaintiff's failure to provide the foreclosure mediator with the forms and information required by General Statutes § 49-31*l* (c) (4), as well as its failure to comply with the court's order requiring the submission of same by a date certain.[2]

On August 22, 2017, the plaintiff commenced, in the judicial district of Stamford-Norwalk, the present foreclosure action against Emre Yazar and the defendant, bearing Docket No. CV-17-6033139-S, alleging that the note was in default and that the default had not been cured. The plaintiff sought, among other things, foreclosure of the mortgage and possession of the property.

On April 25, 2018, the plaintiff filed a motion for default for failure to plead as to Emre Yazar and the defendant, which was granted on May 2, 2018.[3] Thereafter, the defendant filed an answer and special defenses. On September 13, 2018, the plaintiff filed a motion for summary judgment as to liability only (motion for summary judgment), arguing that it had established a prima facie case for foreclosure and that it had complied with the EMAP notice requirement set forth in § 8-265ee (a). For the latter proposition, the plaintiff exclusively relied on the August 22, 2016 EMAP notices sent by First Niagara in advance of the commencement of the prior foreclosure action.[4] In her memorandum in opposition to the plaintiff's motion for summary judgment, the defendant argued, in part, that she had not received any EMAP notices and that the plaintiff had not complied with the EMAP notice requirement with respect to the present action.

On November 21, 2018, having heard oral argument, the trial court granted the plaintiff's motion for summary judgment. The court determined that there was no genuine issue of material fact that the note was in default and that the plaintiff had complied with its obligations to send notices of default and acceleration to the mortgagors; the court further concluded that the plaintiff had satisfied its EMAP obligations under § 8-265ee. On April 1, 2019, the court rendered a judgment of strict foreclosure. This appeal followed.

On September 28, 2020, during the pendency of this appeal, this court ordered, sua sponte, the parties to submit supplemental briefs to address the impact of *MTGLQ Investors*, *L.P.* v. *Hammons*, 196 Conn. App. 636, 230 A.3d 882, cert. denied, 335 Conn. 950, 238 A.3d 21 (2020), on this appeal. The parties thereafter filed supplemental briefs in accordance with this court's order.

As a threshold matter, the defendant claims that the trial court lacked subject matter jurisdiction because the plaintiff failed to comply with the EMAP notice requirement of § 8-265ee (a). The plaintiff counters that § 8-265ee (a) was satisfied by virtue of the EMAP notices that were sent on August 22, 2016, by First Niagara before the commencement of the prior foreclosure action. We agree with the defendant.[5]

We begin by setting forth the language of the statute. Section 8-265ee (a) provides: "On and after July 1, 2008, a mortgagee who desires to foreclose upon a mortgage which satisfies the standards contained in subdivisions (1), (9), (10) and (11) of subsection (e) of section 8-265ff, shall give notice to the mortgagor by registered, or certified mail, postage prepaid at the address of the property which is secured by the mortgage. *No such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice.* Such notice shall advise the mortgagor of his delinquency or other default under

the mortgage and shall state that the mortgagor has sixty days from the date of such notice in which to (1) have a face-to-face meeting, telephone or other conference acceptable to the [Connecticut Housing Finance Authority (authority)] with the mortgagee or a face-to-face meeting with a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise, and (2) contact the authority, at an address and phone number contained in the notice, to obtain information and apply for emergency mortgage assistance payments if the mortgagor and mortgagee are unable to resolve the delinquency or default." (Emphasis added.) Pursuant to § 8-265cc, the term mortgagee is defined, for purposes of General Statutes §§ 8-265cc through 8-265kk, as follows: "(4) 'Mortgagee' means the original lender under a mortgage, or its agents, successors, or assigns . . . ."

We next provide a review of this court's decision in *MTGLQ Investors*, *L.P.* v. *Hammons*, supra, 196 Conn. App. 636. In *Hammons*, the plaintiff mortgagee, MTGLQ Investors, L.P., brought a foreclosure action against the defendant, against whom a judgment of strict foreclosure ultimately was rendered. Id., 638. On appeal, the defendant argued that the plaintiff failed to comply with the EMAP notice requirement of § 8-265ee (a), leaving the trial court without subject matter jurisdiction over the foreclosure action. Id., 640–41. In response, the plaintiff contended that § 8-265ee (a) was satisfied by virtue of an EMAP notice sent in advance of a prior foreclosure action against the defendant, which had been commenced by a prior mortgagee (specifically, Federal National Mortgage Association (Fannie Mae), which assigned the mortgage to MTGLQ Investors, L.P., during the pendency of that prior action). Id., 639, 641. After examining the relevant statutory language, we agreed with the defendant, concluding, as a matter of first impression, that the EMAP notice requirement of § 8-265ee (a), when applicable, is subject matter jurisdictional and that the mailing of an EMAP notice in advance of a prior foreclosure action by a prior mortgagee does not satisfy that requirement with respect to a subsequent foreclosure action. Id., 638.

In *Hammons*, we reasoned: "The first sentence of § 8-265ee (a) creates a notice requirement applicable to any 'mortgagee who desires to foreclose upon a mortgage' that satisfies the standards in [General Statutes] § 8-265ff (e) (1), (9), (10), and (11). The second sentence then provides that '[n]o such mortgagee may commence a foreclosure of a mortgage prior to mailing such notice.' . . . General Statutes § 8-265ee (a). By its use of the phrase 'such mortgagee,' the second sentence necessarily refers to the particular mortgagee in the preceding sentence, i.e., the one that desires to foreclose upon a mortgage. Stated differently, the second sentence makes clear that it is directed—not to *any*

mortgagee in the chain of assignment but—to *the mortgagee* that wishes to 'commence a foreclosure' of an applicable mortgage. In other words, the second sentence is directed to the original plaintiff in a foreclosure action. Such statutory provision then provides that such mortgagee may not commence a foreclosure 'prior to mailing such notice,' namely, the notice described in the first sentence. In this regard, the second sentence makes clear that it is *the mortgagee* that wishes to commence a foreclosure that has the obligation of mailing an EMAP notice. These provisions are clear and unambiguous. Their plain terms indicate that, in applicable cases, a mortgagee may not commence a foreclosure action without first mailing the mortgagor the prescribed notice. In the absence of such notice, a foreclosure action may not be commenced." (Emphasis in original.) Id., 644–45. We went on to conclude that "the EMAP notice requirement set forth in § 8-265ee (a), when applicable, is a condition precedent to the commencement of a foreclosure action. As such, the failure to comply with the notice requirement deprives the trial court of subject matter jurisdiction. See *Lampasona* v. *Jacobs*, [209 Conn. 724, 729–30, 553 A.2d 175] (collecting cases for proposition that certain statutory notice requirements constitute jurisdictional conditions precedent to commencement of actions) [cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989)]." (Footnote omitted.) *MTGLQ Investors, L.P.* v. *Hammons*, supra, 196 Conn. App. 645.

We rejected the plaintiff's argument in *Hammons* that it had satisfied the EMAP notice requirement, stating: "There is nothing in the plain language of § 8-265ee (a) to support the plaintiff's argument that it may satisfy the statute by relying on a prior mortgagee's EMAP notice sent prior to [the commencement of] a previously dismissed foreclosure action. Moreover, in suggesting that it may rely on an EMAP notice sent by a prior mortgagee in connection with a separate foreclosure action, the plaintiff's reliance on the definition of '[m]ortgagee,' which includes an original mortgage lender's 'agents, successors, or assigns'; General Statutes § 8-265cc (4); is misplaced, for it ignores the plain meaning of the text of § 8-265ee (a), which is carefully directed to a particular mortgagee in time." Id., 645–46.

The present case gives us occasion to hold explicitly what we recognized implicitly in *Hammons*, namely, that, a foreclosure action in which the EMAP notice requirement applies; see footnote 5 of this opinion; must stand on its own EMAP notice. Such a rule is implicit in the statutory provision that no mortgagee intending to foreclose on an eligible mortgage "may commence a foreclosure of [such] mortgage prior to mailing such notice." General Statutes § 8-265ee (a). Such a statutory condition aligns with the purpose of § 8-265ee (a), which is to provide a mortgagor with notice of the mortgagee's intent to foreclose and of certain mortgage

relief that might assist him or her, in a prelitigation forum, in resolving the alleged delinquency or other default. In short, in the context of a case in which the EMAP notice requirement applies, when a mortgagee's initial in-court attempt to foreclose results in a dismissal of a foreclosure action, such that it must commence a foreclosure anew, § 8-265ee (a) requires the mailing of a new EMAP notice in order to commence a subsequent foreclosure action.[6]

Mindful of the foregoing principles, we turn to the relevant facts of the present case. According to the affidavit in support of the plaintiff's motion for summary judgment, the original lender, First Niagara, had mailed an EMAP notice to the defendant prior to the commencement of an initial, separate foreclosure action that was subsequently dismissed.[7] Several months after the dismissal, the plaintiff commenced a *new* foreclosure action against the defendant, i.e., the present action. There is no dispute that the plaintiff—as the original plaintiff in the present action—did not mail the defendant an EMAP notice in connection with the present action. Because the plaintiff, as the original plaintiff in the present action, failed to comply with this jurisdictional condition precedent, the trial court lacked subject matter jurisdiction.[8]

The judgment is reversed and the case is remanded with direction to render judgment dismissing the action for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] The plaintiff also brought this action against Emre Yazar, who was defaulted for failure to plead and is not participating in this appeal. Therefore, our references to the defendant are only to Ozlem Yazar.

In addition, the record suggests that the defendants Emre Yazar and Ozlem Yazar are former spouses, having divorced pursuant to a Turkish divorce decree. The terms of any such decree and any postdissolution proceedings in Turkey or Connecticut relating to the Yazars' divorce are not relevant to our resolution of this appeal.

[2] On May 4, 2017, the plaintiff filed a motion to open the judgment of dismissal. The trial court denied that motion.

[3] After being defaulted, Emre Yazar submitted no other filing in this action.

[4] In addition, on January 24, 2019, the plaintiff filed in the present action an affidavit of compliance with EMAP, which also exclusively relied on the August 22, 2016 EMAP notices.

[5] The parties do not dispute that the EMAP notice requirement applies in the present action. Cf. *Washington Mutual Bank* v. *Coughlin*, 168 Conn. App. 278, 290, 145 A.3d 408 (under factual circumstances of case, i.e., secured property not principal residence, defendants were not entitled to notice pursuant to § 8-265ee), cert. denied, 323 Conn. 939, 151 A.3d 387 (2016). Rather, the issue is whether the plaintiff complied with that requirement. See *MTGLQ Investors, L.P.* v. *Hammons*, supra, 196 Conn. App. 644 n.9.

[6] We note that our articulation of this rule is consistent with footnote 11 of the *Hammons* decision, in which we stated: "It would be a wholly different matter had the plaintiff been substituted in the Fannie Mae action, in which case it would not have had to mail the defendant a new EMAP notice." *MTGLQ Investors, L.P.* v. *Hammons*, supra, 196 Conn. App. 646 n.11. This is because the Fannie Mae action, as the prior foreclosure action, would have remained standing on its own EMAP notice. That is, only the original plaintiff was required to mail an EMAP notice, which it did.

[7] As to this specific point, the plaintiff did not submit any countervailing, admissible evidence.

[8] The plaintiff contends that *Hammons* is distinguishable because it is relying, not on an EMAP notice sent by a prior mortgagee but rather, on

the EMAP notice sent by First Niagara, to which it is the successor by merger. This argument is unavailing in light of the rule expressly articulated herein, namely, that a foreclosure action in which the EMAP notice requirement applies must stand on its own EMAP notice.

———————————————————